IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH STOUT, JR.

   Plaintiff,

-VS-                                          CASE NO.:

PORTFOLIO RECOVERY ASSOCIATES,    **JURY TRIAL DEMANDED**
LLC

   Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Lee County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

8. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC is a collection agency operating from an address of 120 Corporate Blvd., Norfolk, VA 23502, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of Plaintiff.

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

11. PORTFOLIO RECOVERY ASSOCIATES, LLC called the Plaintiff's cellular telephone approximately twenty (20) times since October, 2013, in an attempt to collect a debt that was discharged in bankruptcy.

12. PORTFOLIO RECOVERY ASSOCIATES, LLC was aware that they did not have expressed consent to call.

13. PORTFOLIO RECOVERY ASSOCIATES, LLC attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14. PORTFOLIO RECOVERY ASSOCIATES, LLC was aware that the debt was discharged in bankruptcy.

15. PORTFOLIO RECOVERY ASSOCIATES, LLC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

16. PORTFOLIO RECOVERY ASSOCIATES, LLC intentionally and willfully harassed and abused Plaintiff by their agents and representatives including attempting to collect on a debt that was discharged in Plaintiff's bankruptcy.

17. PORTFOLIO RECOVERY ASSOCIATES, LLC intentionally and willfully harassed and abused Plaintiff by their agents and representatives including attempting to collect on a debt that Plaintiff did not owe.

18. PORTFOLIO RECOVERY ASSOCIATES, LLC intentionally and willfully harassed and abused Plaintiff by their agents and representatives telling Plaintiff the can and will take everything Plaintiff owns.

19. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

20. Each call PORTFOLIO RECOVERY ASSOCIATES, LLC made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

21. Each call PORTFOLIO RECOVERY ASSOCIATES, LLC made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

22. PORTFOLIO RECOVERY ASSOCIATES, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

23. PORTFOLIO RECOVERY ASSOCIATES, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or PORTFOLIO RECOVERY ASSOCIATES, LLC, to remove the incorrect number.

24. PORTFOLIO RECOVERY ASSOCIATES, LLC's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to PORTFOLIO RECOVERY ASSOCIATES, LLC that they do not owe the debt.

25. PORTFOLIO RECOVERY ASSOCIATES, LLC has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

26. PORTFOLIO RECOVERY ASSOCIATES, LLC has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

27. PORTFOLIO RECOVERY ASSOCIATES, LLC has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

28. PORTFOLIO RECOVERY ASSOCIATES, LLC's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

29. PORTFOLIO RECOVERY ASSOCIATES, LLC has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

30. Plaintiff did not expressly consent to PORTFOLIO RECOVERY ASSOCIATES, LLC's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to PORTFOLIO RECOVERY ASSOCIATES, LLC's placement of the calls.

31. None of PORTFOLIO RECOVERY ASSOCIATES, LLC's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. PORTFOLIO RECOVERY ASSOCIATES, LLC willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff incorporates Paragraphs one (1) through thirty-two (32).

34. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

35. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

36. PORTFOLIO RECOVERY ASSOCIATES, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PORTFOLIO RECOVERY ASSOCIATES, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

37. Plaintiff incorporates one (1) through thirty-two (32).

38. At all times relevant to this action PORTFOLIO RECOVERY ASSOCIATES, LLC is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39. PORTFOLIO RECOVERY ASSOCIATES, LLC has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

40. PORTFOLIO RECOVERY ASSOCIATES, LLC has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41.     PORTFOLIO RECOVERY ASSOCIATES, LLC has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

42.     PORTFOLIO RECOVERY ASSOCIATES, LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PORTFOLIO RECOVERY ASSOCIATES, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared M. Lee, Esquire
Florida Bar #: 0052284
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3485
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com
*Attorney for Plaintiff*